

RECEIVED
IN MONROE, LA

JUN 1 1 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

GRACE PARDUE, ET AL.                    CIVIL ACTION NO. 06-0566

VERSUS                                  JUDGE ROBERT G. JAMES

SHONEY'S #1195                          MAG. JUDGE KAREN L. HAYES

**RULING**

Pending before the Court is a Motion for Summary Judgment [Doc. No. 21] filed by

Defendant Shoney's, Inc.[1] ("Shoney's"). Plaintiffs Grace Pardue ("Mrs. Pardue") and L.E.

Pardue ("Mr. Pardue") brought this personal injury suit under Louisiana Revised Statute §

9:2800.6 for injuries allegedly sustained by Mrs. Pardue after she slipped and fell at a Shoney's

restaurant. Mr. Pardue asserts a loss of consortium claim.[2]

For the following reasons, Shoney's Motion for Summary Judgment is GRANTED.

**I.    FACTS AND PROCEDURAL HISTORY**

On February 27, 2005, Mr. and Mrs. Pardue were patrons at Shoney's restaurant in West

Monroe, Louisiana. They had dined at the restaurant previously and found it to be clean and well

maintained.

Mr. and Mrs. Pardue arrived at Shoney's at approximately 12:30 P.M. and were shown to

a table by an employee. After placing their order, Mr. and Mrs. Pardue went to the salad bar.

_____

[1]Plaintiffs originally sued Shoney's #1195, but the correct Defendant is Shoney's, Inc.

[2]Neither party has addressed Mr. Pardue's claim.

1

Mrs. Pardue was following about two to three feet behind her husband. After stepping off the carpeted area onto a tiled area of floor at the salad bar, Mrs. Pardue slipped and fell, resulting in a fracture to her right knee.

Prior to Mrs. Pardue's fall, the Pardues did not notice anything on the floor or feel anything slippery. After her fall, Mrs. Pardue's pants had a 2 ½ inch wet circle on the right knee. After he saw Mrs. Pardue fall, a Shoney's employee, identified only as "Donald," placed a "wet floor" sign in the area of her fall. Donald and Mr. Pardue then helped Mrs. Pardue stand up.

On her way back to the table, Mrs. Pardue did not notice anything out of the ordinary about the floors, did not see any water, and did not see an employee mopping or wiping the floors. Mr. Pardue also did not see anyone attempt to clean the area where Mrs. Pardue fell.

Shoney's manager, Rose Searcy ("Searcy"), filled out an accident report indicating that Mrs. Pardue caught her shoe in her pants leg. Searcy allegedly obtained this information from Donald. Mr. and Mrs. Pardue deny that Mrs. Pardue's pant leg caught on her shoe.

On April 25, 2007, Shoney's filed a Motion for Summary Judgment [Doc. No. 21].

On May 21, 2007, Plaintiffs filed a Memorandum in Opposition to Motion for Summary Judgment [Doc. No. 25].

On May 24, 2007, Shoney's was granted leave of Court to file a Reply [Doc. No. 28].

Briefing is complete, and the Court is prepared to rule.

## II.    LAW AND ANALYSIS

### A.    Summary Judgment

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show there are no genuine

2

issues as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. Topalian v. Ehrmann, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. Id.

If the moving party can meet its initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. Norman v. Apache Corp., 19 F.3d 1017, 1023 (5th Cir. 1994). To satisfy this burden, "they are required to identify specific evidence in the record, and to articulate the precise manner in which that evidence supports their claim." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994) (internal quotations omitted). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. Anderson, 477 U.S. at 255.

## B.     Premises Liability

Louisiana Revised Statute § 9:2800.6 governs negligence claims brought against a merchant for damages arising from a fall caused by a condition existing on the merchant's premises. To prevail, a plaintiff has the burden of proving the following:

1)   The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

2)   The merchant either created or had actual or constructive notice of the

3

condition which caused the damage, prior to the occurrence.

3)    The merchant failed to exercise reasonable care. In determining
      reasonable care, the absence of a written or verbal uniform cleanup or safety
      procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. § 9:2800.6(B). With regard to the second prong, "'[c]onstructive notice' means the

claimant has proven that the condition existed for such a period of time that it would have been

discovered if the merchant had exercised reasonable care . . . ." La. R.S. § 9:2800.6(C).

Shoney's contends that Mrs. Pardue cannot meet her burden on the second prong that

Shoney's created the condition that caused her fall, had actual knowledge that the floor was wet,

or had constructive notice that the floor was wet.

Mrs. Pardue responds that there is sufficient evidence to create a genuine issue of material

fact for trial for these reasons:

(1)    The salad area had "hard surface floors and constant presence of substances which could
       cause slippery conditions";

(2)    Shoney's employees were constantly in the salad bar area and "should have discovered
       the existence of the hazardous condition and removed it";

(3)    A wet floor sign was placed immediately after the incident, "which suggests that there
       was [a] slippery substance in the area";

(4)    The report by Shoney's manager, Searcy, "deliberately misrepresents circumstances
       causing the occurrence; and

(5)    "Proof that a slippery substance existed . . . is by the direct evidence of her wet pants leg .
       . . following the incident."

[Doc. No. 46, Exh. 2].

Viewing the evidence in the light most favorable to Plaintiffs, the Court concludes that

they have not raised a genuine issue of material fact for trial. Plaintiffs' only objective evidence

4

that a condition at Shoney's caused Mrs. Pardue's injuries is a 2 ½ inch wet spot on the knee of her pants after her fall. The mere fact that an unidentified substance caused a spot on her pants is insufficient to show that Shoney's created the condition that allegedly caused her fall or that it had actual notice of any such condition prior to her fall. The spot is also insufficient to show that Shoney's had constructive notice of any such condition. See Kennedy v. Wal-Mart Stores, Inc., 733 So.2d 1188, 1189, 1191 (La. 1999) (Plaintiff failed to show constructive notice where he "had not seen any water on the floor before he fell," but it was raining, and "after he got to his feet, [plaintiff] discovered the right leg of his pants was 'soaking wet' with a non-sticky substance which he presumed to be water"; "the checkout area was within view of a customer service podium;" and plaintiff "'thought' one of the cashiers should have been able to see whatever was on the floor before he fell," but presented "absolutely no evidence as to the length of time the puddle was on the floor before his accident."); see also White v. Wal-Mart Stores, Inc., 699 So.2d 1081, 1084 (La. 1997) ("A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute.").

The remainder of Plaintiffs' opposition relies upon speculation, conjecture, and theories, but not evidence. Plaintiffs suggest that a substance, such as peach juice, could have leaked from the salad bar and could have caused the tile floor to be slippery, and, if so, Shoney's should have known this slippery substance was on the floor. Similarly, Plaintiffs suggest that the wetness could have come from a condensation unit under the salad bar.[3] This type of speculation is

_____

[3]Searcy affirmatively refuted this theory during her deposition, but, even if the condensation unit could have leaked and caused a slippery spot on the floor, there is no evidence that it **did** leak.

5

insufficient to raise a genuine issue of material fact for trial. Babin v. Winn-Dixie Louisiana,
Inc., 764 So.2d 37, 40 (La. 2000) ("[S]peculation falls far short of the factual support required to
establish that plaintiff will be able to satisfy his evidentiary burden of proof at trial. . . As we
explained in White, in order to prevail under La. R.S. 9:2800.6, the plaintiff must make a
positive showing of the existence of the condition prior to the fall.").

Finally, Plaintiffs have not presented a genuine issue of material fact for trial based on the
alleged inaccuracy of Searcy's accident report. There is no evidence that the report "deliberately
misrepresents" the circumstances that caused Mrs. Pardue's fall. Searcy testified that she did not
witness the accident, but prepared the report based on information she obtained from a former
employee, Donald, who witnessed the accident. Donald allegedly told Searcy that Mrs. Pardue
got her foot caught in the leg of her pant. Although Donald's alleged account differs from that of
Plaintiffs, there is no evidence that Searcy lied about what she was allegedly told by Donald.[4]
The Court did not rely on the report and has considered all evidence presented by Plaintiffs as to
whether Shoney's created or had notice of the alleged harmful condition.

Having fully considered all evidence presented, the Court finds that Plaintiffs have
failed to present a genuine issue of material fact for trial. Therefore, Shoney's Motion for
Summary Judgment is GRANTED, and Mrs. Pardue's premises liability claim is DISMISSED
WITH PREJUDICE.

## C. Loss of Consortium

Although Shoney's has not specifically addressed Mr. Pardue's loss of consortium claim,
such a claim is derivative of the main demand. See Ferrell v. Fireman's Fund Ins. Co., 696 So.2d

---

[4]Neither party has presented an affidavit or deposition testimony from "Donald."

569, 574 (La. 1997) ("[A] loss of consortium action is a derivative claim of the primary victim's

injuries."). As the Court has determined that Mrs. Pardue has failed to raise a genuine issue of

material fact for trial, Mr. Pardue's claim also fails.

## III.    CONCLUSION

For the reasons set forth in this Ruling, Shoney's Motion for Summary Judgment [Doc.

No. 21] is GRANTED, and Plaintiffs' claims are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this _____ day of _____, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

7